**In re James N. CONSTANT.**

No. 01–1582.

United States Court of Appeals, Federal Circuit.

March 12, 2002.

Before MAYER, Chief Judge, BRYSON, and PROST, Circuit Judges.

PER CURIAM.

James N. Constant appeals the final decision of the United States Patent and Trademark Office Board of Patent Appeals and Interferences ("board") sustaining the examiner's rejection of claims 1, 3–8, 10, 16, 21, and 22 as being anticipated by U.S. Patent No. 3,641,497 to Constable ("Constable reference") under 35 U.S.C. § 102(b), and sustaining the examiner's rejection of claims 2, 9, 11–15, and 17–20 as being unpatentable over the Constable reference under 35 U.S.C. § 103(a). *Ex parte Constant,* Paper No. 45 (B.P.A.I. June 21, 2001) (denying request for rehearing); *Ex parte Constant,* Paper No. 43 (B.P.A.I. March 29, 2001) (reversing the section 112, first paragraph rejection and sustaining the sections 102(b) and 103(a) rejections). Because the board's findings on the anticipation and obviousness issues are supported by substantial evidence, the final rejection of all of the pending claims in Constant's patent application is *affirmed.*

Constant argues that the prosecution history and the drawing shown in Figure 1 of the application describe the "credit card means" and the "means for protecting information" as a single means. The board properly interpreted the recited "credit card means" and the "means for protecting information" as separate and distinct limi-

tations. It properly determined that, when assigned its ordinary and accustomed meaning, Constant's use of the term "and" to separate the two means clearly indicates the connection or addition of items.

Substantial evidence in the record supports the board's rejection of Constant's claims for anticipation and obviousness. The Constable reference anticipates claims 1, 3–8, 10, 16, 21, and 22 of Constant's pending application as it discloses every limitation of the claimed invention. The board found that the additional limitations of dependent claims 2, 9, 11–15, and 17–20, which include semiconductor chips, a CPU, and cryptographic art would have been obvious to one of ordinary skill in the art to make use of well known design advantages. We see no error in the board's analysis.